**Opinion issued July 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00442-CV

————————————

**YOLANDA D. MUNOZ AND EUCARIS E. RODRIGUEZ, Appellants**

**V.**

**MIGUEL A. MARAVILLA AND YESENIA DEL CARMEN RODRIGUEZ, Appellees**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1180190**

---

## MEMORANDUM OPINION

On June 7, 2024, appellants, Yolanda D. Munoz and Eucaris E. Rodriguez, filed a notice of appeal from the trial court's February 21, 2024 final judgment.

We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. Accordingly, in order to invoke this Court's appellate jurisdiction over an appeal from the trial court's February 21, 2024 final judgment, appellants were required to file their notice of appeal on or before March 22, 2024.

However, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g).

The appellate record reflects that appellants timely filed a post-judgment motion with the trial court. Accordingly, the deadline for appellants to file their notice of appeal was extended to May 21, 2024. Appellants' June 7, 2024 notice of appeal was still not timely filed.

Notably, Texas Rule of Appellate Procedure 26.3 allows for an extension of the deadline to file a notice of appeal if, within fifteen days after the deadline for filing a notice of appeal, an appellant files a notice of appeal in the trial court, and a motion for extension of time to file a notice of appeal in the appellate court. Taking this extension into account, appellants were required to file a notice of appeal in the

trial court, and a motion for extension of time to file a notice of appeal in this Court, no later than June 5, 2024.

On June 21, 2024, appellants filed an "Unopposed Motion to Extend Time to File Notice of Appeal." As noted above, taking into account the extension provided by Texas Rule of Appellate Procedure 26.3, appellants' deadline to file a motion for extension of time to file a notice of appeal was June 5, 2024. Because appellants' motion for extension was not timely filed, the Court denied appellants' motion in an order dated June 27, 2024. The Court's June 27, 2024 order further notified appellants that it appeared that the Court lacked jurisdiction over their appeal because their notice of appeal from the trial court's February 21, 2024 final judgment was not timely filed. Appellants were directed to file a written response within ten days demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal. Despite notice that the appeal was subject to dismissal, appellants did not adequately respond to the Court's June 27, 2024 order.

Because neither appellants' June 7, 2024 notice of appeal, nor their June 27, 2024 motion for extension of time to file their notice of appeal were timely filed, the Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 26.1, 26.3.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, Guerra.